2023 IL App (1st) 210116-U

No. 1-21-0116

Order filed February 23, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 92 CR 4156 |
| | ) | |
| JAMES SARDIN, | ) | Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly denied defendant leave to file a fifth successive *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2020)), when defendant failed to establish cause.

¶ 2    Defendant James Sardin appeals from the circuit court's denial of leave to file a successive

*pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et*

*seq.* (West 2020)). On appeal, he contends that he adequately alleged cause and prejudice for his failure to raise his proportionate penalties claim in his initial postconviction petition. We affirm.[1]

¶ 3    Following a 1996 bench trial, defendant was found guilty of the first degree murders and armed robberies of two victims and sentenced to mandatory life imprisonment without the possibility of parole.

¶ 4    The facts of this case are detailed in our prior orders, and we recite them here to the extent necessary to our disposition of this appeal. At trial, the evidence established that on July 31, 1991, defendant and three other men robbed a liquor store. During the robbery, the two victims, store employees, were fatally shot. In his statement to an assistant State's Attorney, defendant, who was 21 years old at the time of the offense, stated that he shot the firearm. We affirmed on direct appeal. See *People v. Sardin*, No 1-96-1729 (1998) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5    On March 15, 1999, defendant filed a first *pro se* postconviction petition, which the circuit court summarily dismissed. We affirmed. See *People v. Sardin*, No. 1-99-2024 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    On December 8, 2000, defendant filed a *pro se* successive postconviction petition which the circuit court dismissed. We granted defendant's motion to dismiss the appeal from that order. See *People v. Sardin*, No. 1-01-0971 (Sept. 20, 2002) (dispositional order).

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 7    On May 11, 2002, defendant filed a second *pro se* successive postconviction petition. On November 9, 2004, the circuit court granted the State's motion to dismiss. We affirmed. See *People v. Sardin*, No. 1-04-3724 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8    On May 26, 2010, defendant filed a *pro se* document titled "Motion to Vacate Judgment as 'Void' and Set Aside Conviction," which the circuit court treated as a petition for relief from judgment and dismissed on September 9, 2010. We affirmed the circuit court's judgment, and granted appointed counsel's motion to withdraw filed pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). See *People v. Sardin*, 1-10-3049 (2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9    On July 8, 2011, defendant sought leave to file a third *pro se* successive postconviction petition. On September 16, 2011, the circuit court denied defendant leave to file the petition for failure to meet the requirements of the cause and prejudice test. We granted appointed counsel's motion to withdraw filed pursuant to *Finley* and affirmed the judgment of the circuit court. See *People v. Sardin*, No. 1-11-3261 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    On October 22, 2012, defendant sought leave to file a fourth *pro se* successive postconviction petition, which the circuit court denied. We affirmed the judgment of the circuit court, and granted appointed counsel's motion to withdraw filed pursuant to *Finley*. See *People v. Sardin*, No. 1-13-0473 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11    On July 7, 2020, defendant sought leave to file the instant, fifth, *pro se* postconviction petition. Defendant alleged that his mandatory sentence of life imprisonment without the

possibility of parole violated the proportionate penalties clause of the Illinois Constitution as applied to him, an intellectually disabled defendant. He further alleged the petition met the requirements of the cause and prejudice test because this claim could not have been raised prior to *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory life imprisonment for juveniles and "intellectually disabled defendants" violated the eighth amendment. He argued the protections of *Miller* and its progeny should be applied to him, as he was 21 years old at the time of the offense and had a "mental [and] intellectual disability." Defendant requested a new sentencing hearing where his "abusive and toxic developmental history" of physical, sexual, and psychological abuse, domestic violence, and "household substance abuse" could be considered. Defendant attached educational records, portions of the sentencing transcript, a Chicago police department document detailing his criminal history, correspondence with the court, and caselaw.

¶ 12 On December 7, 2020, the circuit court denied defendant leave to file the instant petition, noting that because defendant was 21 years and 11 months old at the time of the offenses, he could not avail himself of the protections outlined in *Miller*. Regarding defendant's proportionate penalties clause argument, the court recognized the "developing" nature of the law, but relied on *People v. Coty*, 2020 IL 123972, to deny him relief.

¶ 13 On appeal, defendant contends that the circuit court erred in denying him leave to file the successive *pro se* postconviction petition when he adequately alleged cause and prejudice. Defendant argues that he established cause because there was previously "no societal consensus that a life sentence *** for a young adult shocks the conscience." He argues that he established prejudice because he was an "emerging adult with incomplete brain development" at the time of the offense and the *Miller* factors were not considered at sentencing.

¶ 14    The State responds that defendant, who was 21 years old at the time of the offense, was not a "youthful offender" and cannot claim the protections of *Miller*. The State further argues that defendant failed to meet the requirements of the cause and prejudice test.

¶ 15    The Act provides a procedural mechanism through which a criminal defendant can assert that his federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Davis*, 2014 IL 115595, ¶ 13. "[T]he Act contemplates the filing of only one post-conviction petition," and this statutory bar is relaxed only when "fundamental fairness so requires." *People v. Pitsonbarger*, 205 Ill. 2d 444, 456, 458 (2002); see also 725 ILCS 5/122-3 (West 2020) ("[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived").

¶ 16    Leave to file a successive petition is granted when a defendant shows cause for his failure to bring the claim in his initial postconviction petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2020). To demonstrate cause, a defendant "must show some objective factor external to the defense that impeded his ability to raise the claim in his initial postconviction proceeding," *People v. Jackson*, 2021 IL 124818, ¶ 30. To demonstrate prejudice, the defendant must show that the claimed error so infected his trial that the resulting conviction violated due process. *Id.* A defendant must satisfy both elements of the cause and prejudice test in order to obtain leave to file a successive postconviction petition. *Pitsonbarger*, 205 Ill. 2d at 464. We review the denial of leave to file a successive postconviction petition *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 17    In the case at bar, defendant's proportionate penalties claim relies on caselaw interpreting the eighth amendment to the United States Constitution as applied to juveniles and the extension

of those protections to young adult offenders through the proportionate penalties clause of the Illinois Constitution. See, *e.g.*, *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (finding that the eighth and fourteenth amendments prohibited the "imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed"); *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (finding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"); *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) (determining that *Miller* applied retroactively to cases on collateral review); *People v. Horshaw*, 2021 IL App (1st) 182047, ¶ 69 (noting that "young adult offenders" may bring a successive postconviction claim "alleging that their sentences in excess of 40 years imposed without consideration of the *Miller* factors are unconstitutional as applied to them under the proportionate penalties clause").

¶ 18 The proportionate penalties clause states that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A penalty violates the proportionate penalties clause when it is, relevant here, "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 19 As discussed, a defendant establishes cause by showing "some objective factor external to the defense that impeded his ability to raise the claim in his initial postconviction proceeding." *Jackson*, 2021 IL 124818, ¶ 30. Here, defendant alleged that he could not have brought this claim sooner because it relies on evolving caselaw and scientific research regarding young adult offenders and "societal judgment" on how to sentence "emerging adults."

¶ 20 Defendant relies on *Horshaw*, which found "that [the] defendant's motion for leave to file a successive postconviction petition established a *prima facie* showing of cause by identifying an objective factor that impeded his ability" to earlier raise a claim that his 66-year aggregate sentence was an unconstitutional *de facto* life sentence as applied to him under, relevant here, the proportionate penalties clause. *Horshaw*, 2021 IL App (1st) 182047, ¶¶ 31, 124. There, the State did not dispute that the defendant had established cause "based on the retroactive application of *Miller* to cases on collateral review." *Id.* ¶ 122. In the case at bar, however, the State does not concede that defendant has established cause.

¶ 21 Ultimately, defendant's claim is foreclosed by our supreme court's holding in *People v. Dorsey*, 2021 IL 123010, ¶ 74, that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." The court explained that:

"Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived [the] defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' [citation]." *Id*.

¶ 22 Therefore, defendant's argument regarding "cause" for his failure to raise his proportionate penalties claim in his initial postconviction petition is foreclosed by *Dorsey*. See *People v. French*, 2022 IL App (1st) 220122, ¶ 25 ("Based on *Dorsey*'s clear holding, defendant cannot establish cause for his failure to raise his proportionate penalties claim in his initial postconviction petition."); *People v. Figueroa*, 2022 IL App (1st) 172390-B, ¶¶ 37-40 (concluding that *Dorsey* was "entirely dispositive," and the defendant had not established cause for his failure to raise his

proportionate penalties claim in an earlier proceeding); *People v. Ruddock*, 2022 IL App (1st) 173023, ¶ 72 ("The supreme court's reasoning in *Dorsey* also establishes that the defendant *** cannot satisfy the cause prong of the cause-and-prejudice test *** with respect to his proportionate penalties claim under the Illinois Constitution."); *People v. Hemphill*, 2022 IL App (1st) 201112, ¶ 31 ("It follows that, based on the supreme court's reasoning in *Dorsey*, defendant *** cannot satisfy the cause prong of the cause-and-prejudice test for bringing a successive postconviction petition with respect to his proportionate penalties claim under the Illinois Constitution.").

¶ 23     We decline to depart from this well-reasoned precedent. Under *Dorsey*, we are bound by our supreme court's determination that *Miller* and its progeny do not provide a defendant with cause for failing to raise a proportionate penalties claim in an initial postconviction petition. See *People v. Artis*, 232 Ill. 2d 156, 164 (2009).

¶ 24     Defendant argues, however, that when he filed his prior postconviction petitions, courts were "affirmatively rejecting" challenges to adult sentences based upon the proportionate penalties clause and there was "no societal consensus" that a life sentence or lengthy imprisonment for a young adult "shock[ed] the conscience."

¶ 25     *People v. Haines*, 2021 IL App (4th) 190612, is instructive. In that case, the defendant was 18 years old when he committed a murder that resulted in a 55-year prison term. *Id.* ¶ 1. On direct appeal, the court rejected the defendant's argument that his " 'sentence was excessive because the trial court failed to consider mitigating factors such as [his] youth, nonviolent criminal history, and drug addiction.' " *Id.* ¶¶ 7-8 (quoting *People v. Haines*, No. 4-06-0549 (2007) (unpublished order under Illinois Supreme Court Rule 23)). In 2008, the defendant filed a postconviction petition

raising claims unrelated to his sentence. *Id.* ¶ 10. The circuit court denied him relief following an evidentiary hearing, and that judgment was affirmed on appeal. *Id.* ¶¶ 10-11.

¶ 26    In 2019, the defendant sought leave to file a successive postconviction petition raising both a proportionate penalties challenge and an eighth amendment challenge to his sentence. *Id.* ¶ 12. The defendant alleged that his *de facto* life sentence failed to account for his youth and rehabilitative potential and, therefore, violated the Illinois Constitution's proportionate penalties clause. *Id*. The defendant argued his 18-year-old brain more resembled a 17-year-old's brain and, therefore, the protections of *Miller* applied. *Id.*

¶ 27    The court affirmed on appeal, determining that the defendant's claim was barred by *res judicata*, as it was the same claim raised in his direct appeal, "dressed *** up *** in constitutional clothing." *Id.* ¶¶ 21-22. The court further found, relevant here, that the defendant failed to show cause to justify a successive postconviction petition. *Id.* ¶¶ 24-57.

¶ 28    The court examined whether the "nonexistence" of *Miller* and its progeny "really was cause for [the] defendant's failure to raise his present claim in the initial postconviction petition. *Id.* ¶ 26. The court acknowledged that the "previous unavailability of a legal or factual basis for the claim can qualify as cause." *Id.* ¶ 43. However,

> "If, in the exercise of reasonable diligence, a claim can be built out of existing legal materials, the defendant has to build the claim without waiting for someone else in another case to do so. Defendants cannot wait until a claim falls ready-made into their lap. Some assembly may be required. Ease of argument is not the standard. '[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was "available" at all.' [citation]." *Id.* ¶ 45.

¶ 29    The court noted that this was consistent with Illinois law: " '[T]he lack of precedent for a position,' our supreme court says, 'differs from "cause" for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review.' " *Id.* (quoting *People v. Guerrero*, 2012 IL 112020, ¶ 20).

¶ 30    The court explained that, "[y]ears before [the] defendant's initial postconviction proceeding in 2008, Illinois courts recognized as-applied claims under the proportionate-penalties clause." *Id.* ¶ 46. Additionally, for "decades" Illinois caselaw "held that the proportionate-penalties clause required the sentencing court to take into account the defendant's 'youth' and 'mentality.' " *Id.* ¶ 47 (collecting cases). In other words, "Illinois courts also have long been aware that less than mature age can extend into young adulthood—and they have insisted that sentences take into account that reality of human development." *Id.*

¶ 31    The court therefore concluded that "in 2008 [the] defendant had the essential legal tools to raise his present proposed claim under the proportionate-penalties clause." *Id.* ¶ 49. Although developments in the relevant caselaw "would have made it easier for [the] defendant to raise his claim," "[t]he emergence of some helpful support for a claim that already was raisable is not cause." *Id.* ¶¶ 49, 51. Having resolved the appeal based on *res judicata* and the failure to establish cause, the court did not analyze the prejudice element of the cause and prejudice test. See *id.* ¶ 57.

¶ 32    Similarly, here, defendant has not established cause for failure to raise a proportionate penalties claim in his initial postconviction petition. See *People v. Kuehner*, 2022 IL App (4th) 200325, ¶¶ 100-107 (adopting *Haines*'s reasoning). As explained in *Haines*, although subsequent caselaw might have supported defendant's claim, he could have raised this claim in his initial postconviction petition.

¶ 33    Ultimately, *Dorsey*'s holding that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause" is dispositive of this appeal. *Dorsey*, 2021 IL 123010, ¶ 74. Because defendant has failed to establish cause (*Pitsonbarger*, 205 Ill. 2d at 464), the circuit court properly denied him leave to file the instant fifth successive *pro se* postconviction petition.

¶ 34    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 35    Affirmed.