**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220002-U

Order filed May 5, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0002 Circuit No. 09-CF-1023 |
| | ) | |
| GUSTAVO TORRES-MEDEL, | ) ) | Honorable Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The court did not abuse its discretion by failing to appoint counsel to represent defendant on his section 2-1401 petition for relief from judgment. Assuming *arguendo* that the court abused its discretion, reversal is not warranted.

¶ 2     Defendant, Gustavo Torres-Medel, appeals the Du Page County circuit court's dismissal of his section 2-1401 petition for relief from judgment. Defendant argues that the court abused its discretion by not appointing counsel to represent him on the petition, which requires reversal

because it cannot be said that the assistance of counsel would have no effect on the outcome of his petition. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        Following trial, defendant was found guilty of the first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) of his three-month old son. In 2011, the court sentenced defendant to 45 years' imprisonment. Defendant was 25 years old at the time of the offense. Defendant utilized a Spanish interpreter throughout the circuit court proceedings. Defendant appealed and argued, in part, that his sentence was excessive. *People v. Torres-Medel*, 2012 IL App (2d) 110701-U, ¶ 33. The court affirmed but modified the mittimus to reflect an additional day of sentencing credit. *Id.* ¶ 36. Defendant filed, as a self-represented litigant, an unsuccessful postconviction petition (see *People v. Torres-Medel*, 2014 IL App (2d) 131148-U) and an unsuccessful motion for leave to file a successive postconviction petition (see *People v. Torres-Medel*, 2020 IL App (2d) 180776-U).

¶ 5        In 2021, defendant filed, as a self-represented litigant, a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2020)). He argued that the truth in sentencing statute was enacted in violation of the single subject rule and also violates the proportionate penalties clause. Defendant further argued that his sentence was excessive. Defendant also filed a motion for the appointment of counsel, stating that he was indigent and unable to retain counsel himself.

¶ 6        The State filed a motion to dismiss. It first argued that the petition was not timely because defendant was found guilty and sentenced in 2011 but his petition was not filed until 2021, although it mistakenly cited law regarding withdrawal of a guilty plea. The State then noted that defendant invoked the subsection regarding voidness and that he claimed the truth in sentencing

2

statute was void because it violated the single subject rule. The State argued that Illinois courts have repeatedly rejected that argument. Last, the State argued defendant's sentencing claims were not appropriate for a section 2-1401 petition.

¶ 7        Defendant filed a response to the State's motion to dismiss, wherein he conceded that his allegations regarding the truth in sentencing statute were without merit. He also noted that the State made a "feeble attempt" to argue his petition was untimely but acknowledged he invoked the voidness subsection. Defendant further pointed out the State's erroneous citation to law regarding withdrawal of a plea agreement. He argued that he received a *de facto* life sentence and that the court failed to adequately consider his rehabilitative potential. Defendant cited to *Miller v. Alabama*, 567 U.S. 460 (2012) regarding juvenile life sentences and argued that although he was not a juvenile, he should have been sentenced with rehabilitation in mind.

¶ 8        The court dismissed defendant's petition. It did not expressly rule on defendant's motion for the appointment of counsel. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10        Defendant argues that because he raised a potentially meritorious emerging adult proportionate penalties sentencing claim and he was unable to develop the claim due to his lack of familiarity with the English language and the legal system, the court abused its discretion in failing to appoint him counsel. Defendant further argues that the court abused its discretion because it failed to recognize that it had discretion to appoint counsel. He argues that reversal is required because it cannot be said the appointment of counsel would have had no effect on the proceedings.

¶ 11        "[T]he circuit court is not obligated to appoint counsel in connection with the filing of a 2-1401 petition, but circuit courts have appointed counsel in these proceedings pursuant to the

circuit court's exercise of its discretion." *People v. Stoecker*, 2020 IL 124807, ¶ 36. "An abuse of discretion occurs only where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. Rivera*, 2013 IL 112467, ¶ 37. "A trial court commits error when it refuses to exercise discretion based on the erroneous belief that it does not have the power to exercise its discretion." *People v. Sweet*, 2017 IL App (3d) 140434, ¶ 44.

¶ 12    Here, the court's failure to explicitly rule on defendant's motion for the appointment of counsel did not show that the court failed to recognize that it had the discretion to do so because "[a]bsent an affirmative showing of error in the record, a trial judge is presumed to know the law and to apply it properly." *People v. Henderson*, 336 Ill. App. 3d 915, 922 (2003) (citing *People v. Askew*, 273 Ill. App. 3d 798, 805 (1995)). As there is nothing in the record to affirmatively indicate the court believed it lacked discretion to appoint counsel, we presume the court knew it had such discretion. We therefore find no abuse of discretion in this regard.

¶ 13    Assuming, *arguendo*, that the court abused its discretion, we cannot say defendant was prejudiced by the failure to appoint counsel as the outcome would not have been any different because his claim was time-barred. See *People v. Bernard*, 2021 IL App (2d) 181055, ¶¶ 25, 28 (providing that not every abuse of discretion in failing to appoint counsel requires reversal and addressing whether defendant was prejudiced by the abuse of discretion). Specifically, defendant's petition was filed approximately 10 years after judgment was entered and section 2-1401 petitions generally may not be filed more than 2 years after the judgment is entered. See 735 ILCS 5/2-1401(c) (West 2020). Additionally, although claims based on voidness can be filed at any time (see *id.* 2-1401(f)), defendant's conviction and sentence are not void (see *People v. Abdullah*, 2019 IL 123492, ¶ 13 (providing that a judgment is void if it was entered by a court

4

lacking jurisdiction or "was based on a statute that is facially unconstitutional and void *ab initio*")). Defendant does not dispute that his petition was untimely, but in his reply brief he argues that counsel could have argued that the equitable nature of section 2-1401 petitions should forgive the untimely filing. In support, he cites *People v. Wells*, 2021 IL App (3d) 180344-U, ¶¶ 32-33. However, that case involved a situation where defendant argued her petition was timely because she was unable to raise her claim based upon section 2-1401(b-5) within the two-year limit for filing a section 2-1401 petition because that subsection did not become effective until after the time for filing had expired and she filed her petition within two years of the effective date of that subsection. *Id.* ¶ 32. Under those circumstances, the court did not believe it could deem a due process error harmless where defendant had been deprived of the opportunity to raise her argument regarding timeliness and the court must consider the particular facts when considering timeliness exceptions based upon legal disability. *Id.* ¶ 33. This matter does not involve similar circumstances and thus, we do not find defendant's citation to *Wells* persuasive.

¶ 14       Defendant further argues in his reply brief that, had counsel been appointed, counsel could have redrafted his section 2-1401 petition as a successive postconviction petition and cited to the development of emerging adult caselaw as cause for not filing his emerging adult proportionate penalties claim sooner. However, defendant would have to establish cause and prejudice to obtain leave to file a successive postconviction petition, which he could not do. See 725 ILCS 5/122-1(f) (West 2020). Notably, by citing *People v. French*, 2022 IL App (1st) 220122, ¶¶ 25-32, defendant acknowledged caselaw holding that the development of emerging adult caselaw would not establish cause. More importantly, subsequent to briefing in this matter, our supreme court made clear that defendant would not be able to rely on the development of emerging adult caselaw to establish cause for the failure to bring his claim in earlier proceedings.

See *People v. Clark*, 2023 IL 127273, ¶¶ 1-2, 67 (defendant, who was 24 years old at the time he committed his crime, failed to establish cause as required to file his successive postconviction petition because the unavailability of *Miller* "did not impede defendant's presentation of his proportionate penalties claim on direct appeal or impede his opportunity to raise the claim in his first postconviction proceeding"). In sum, the outcome of the proceedings would not have been any different had the court appointed counsel and defendant suffered no harm from the court's failure to do so.

¶ 15                                III. CONCLUSION

¶ 16            The judgment of the circuit court of Du Page County is affirmed.

¶ 17            Affirmed.