2025 IL App (1st) 240183-U

No. 1-24-0183

Order filed August 18, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 12339 |
| | ) | |
| JOHNNY SPEARS, | ) | The Honorable |
| | ) | Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith concurred in the judgment.
Justice Pucinski dissented.

**ORDER**

¶ 1    *Held*: We affirm the second-stage dismissal of defendant's successive postconviction petition where defendant could not satisfy the cause-and-prejudice test based on the previous unavailability of scientific research supporting his as-applied proportionate penalties challenge to his sentence.

¶ 2                              I. BACKGROUND

¶ 3    Defendant Johnny Spears appeals the dismissal of his successive postconviction petition filed pursuant to the Post-Conviction Petition Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2018)). On appeal, he asserts that the circuit court erred in dismissing his successive petition, where he made a substantial showing that he received a *de facto* life sentence that violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). He also asserts that he sufficiently established cause and prejudice to advance his petition where his claim was based on scientific research that was previously unavailable. We affirm.

¶ 4 Following a 2010 jury trial, defendant was found guilty of first degree murder and sentenced to 45 years in prison. The evidence at trial showed that defendant entered into an argument with the victim, who was unarmed, and repeatedly shot at him. The victim died of multiple gunshot wounds to the neck, back, hips, and buttocks. Defendant was 18 years and 4 days old at the time of the offense. We affirmed on direct appeal. *People v. Spears*, 2012 IL App (1st) 101914-U.

¶ 5 In February 2014, the circuit court docketed defendant's first postconviction petition, which did not raise the present claim, and then summarily dismissed it.[1] Defendant appealed, and we ultimately granted defendant's appellate counsel leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed the judgment. *People v. Spears*, No. 1-15-1772 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6 On October 31, 2019, defendant filed a *pro se* motion for leave to file the instant successive postconviction petition. He alleged that his 45-year sentence was unconstitutional as applied to

---

[1] The copy of defendant's initial postconviction petition in the record appears to be incorrectly file stamped with the date January 6, 2002. Further, the circuit court's case summary in the common law record states the petition was filed on February 4, 2013. Yet the petition contains a notary stamp dated after that date, on December 30, 2013. Despite these unexplained discrepancies, the parties do not dispute that the circuit court docketed defendant's initial petition in February 2014, which would be consistent with the petition's date of notarization. Our previous summary order identified the petition's filing date as February 2014 as well. See *People v. Spears*, No. 1-15-1772 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

him under the proportionate penalties clause of the Illinois Constitution, where he was 18 years old at the time of the offense and the trial court didn't consider his youth and its attendant characteristics at sentencing.

¶ 7    On November 14, 2019, the postconviction court granted defendant leave to file the successive petition and appointed defendant counsel. It explained that defendant's petition was "not currently supported by law," but given the "developing nature of this field" the court wanted to give the parties an opportunity to "[flesh] this matter out."[2]

¶ 8    On February 3, 2022, postconviction counsel filed a supplemental postconviction petition amending defendant's *pro se* claim. Counsel alleged that, because defendant's claim was based on newly discovered evidence not available during defendant's previous collateral proceedings, defendant had made a substantial showing that the delay in filing was not his fault. He claimed that the Illinois Supreme Court had only recently indicated they would consider applying the relevant factors regarding juvenile offenders as outlined in *Miller v. Alabama*, 567 U.S. 460

---

[2]At the time of the circuit court's ruling, our supreme court had left open the possibility of an emerging adult like defendant raising an as-applied proportionate penalties challenge to a sentence based on the defendant's youth and its attendant characteristics. See *People v. Thompson*, 2015 IL 118151, ¶ 44. Yet, our supreme court had not held, as it later did in *Dorsey*, that the unavailability of *Miller* and its progeny cannot provide cause for not raising such a challenge in a prior postconviction proceeding. See *People v. Dorsey*, 2021 IL 123010, ¶ 74. The court's statement at least suggests that, based on developing case law at that time, defendant could have a meritorious sentencing challenge that was not previously available to him, thus satisfying the cause-and-prejudice test.

Notwithstanding any ambiguity in the court's statement as to cause and prejudice, the parties do not dispute that the court granted defendant leave to file the petition and that it was docketed for further review, nor does our research warrant a contrary conclusion. See *People v. Sanders*, 2016 IL 118123, ¶¶ 25-28 (proceeding to the merits of a successive postconviction petition, where the circuit court docketed the petition for second-stage proceedings without expressly stating defendant sufficiently alleged cause and prejudice or actual innocence); see also *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007) (section 122-1(f) of the Act prohibits the filing of a successive petition without obtaining "express leave of court"); but see *People v. Ford*, 2022 IL App (1st) 211538, ¶¶ 3, 5-6 (finding the circuit court had no authority to consider the merits of a successive postconviction petition, where the court "allowed" the defendant leave to file the petition but did not issue "an express ruling on the defendant's satisfaction of the cause-and-prejudice requirement").

(2012), when sentencing emerging adults such as defendant. Moreover, he wrote "[r]ecent scientific studies and research suggest that there is very little difference in the impulse control and maturity of emerging adults *** than those under 18." Counsel alleged that the sentencing court failed to adequately consider the *Miller* factors when imposing defendant's 45-year sentence, other than mentioning defendant's age prior to announcing the sentence. He stated that "the testimony in this case" highlighted that defendant was "more susceptible to peer pressure from gang involvement than a mature adult would be," and that he was not a "ranking gang member who made decisions" or a "hardened criminal unworthy of rehabilitation."

¶ 9    Defendant attached multiple exhibits to his petition, including an August 12, 2021, report by a psychologist regarding defendant's own "development pathway from childhood *** into adulthood" "in light of the Supreme Court's decision in the case of *Miller v. Alabama*." Defendant further attached 2019 articles from Columbia University's Justice Lab, the American Academy of Pediatrics, and Loyola University's Center for Criminal Justice Research, Policy & Practice, all of which summarized general policy discussions regarding the treatment of emerging adults and developments in the criminal justice system. Additionally, defendant attached his high school diploma and a number of certificates for programs completed by defendant in prison.

¶ 10    The State filed a motion to dismiss defendant's postconviction petition, alleging in part that, based on recent case law from the Illinois Supreme Court, defendant could no longer establish cause and prejudice for purposes of raising his proportionate penalties claim in a successive postconviction petition. On January 16, 2024, the circuit court dismissed defendant's successive postconviction petition on the State's motion. Defendant timely appealed.

¶ 11                                  II. ANALYSIS

¶ 12    The Act contemplates the filing of only one postconviction petition without leave of court, and any claim not presented in an original or amended petition is "waived" under the Act. 725 ILCS 5/122-1(f), 122-3 (West 2018). Leave of court to file a successive petition "may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* § 122-1(f). Once leave has been granted, the successive petition is docketed for second-stage proceedings. See *People v. Robinson*, 2020 IL 123849, ¶ 43. At the second stage, the State may move to dismiss the petition on any grounds, including, as the State argues here, that defendant failed to prove cause and prejudice for not having raised the claims in the initial postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 26. We review *de novo* the dismissal of a successive postconviction petition without a third-stage evidentiary hearing. *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 13    On appeal, defendant asserts that the circuit court erred in dismissing his successive petition where he made a substantial showing of a constitutional claim, and where he had satisfied the cause-and-prejudice test. For the reasons to follow, we conclude defendant cannot establish cause for not raising his sentencing challenge relating to *Miller* in his initial postconviction petition.

¶ 14    In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that the eighth amendment (U.S. Const., amend. VIII) prohibits the mandatory sentencing of a juvenile to life in prison without parole, and requires that a sentencing court have discretion to consider a juvenile's youth and its attendant characteristics when sentencing a juvenile. *Id. Miller* does not apply to young adults. See *People v. Moore*, 2023 IL 126461, ¶ 38. Our supreme court, however, has not "foreclosed" an emerging adult offender, *i.e.*, a defendant who was between 18 and 19

years old at the time of the offense, from raising an as-applied proportionate penalties clause challenge to a life sentence based on the evolving science on juvenile maturity and brain development. *People v. Clark*, 2023 IL 127273, ¶ 87. That said, recent supreme court rulings have established that citing the *Miller* line of cases does not satisfy the "cause" prong of the cause-and-prejudice test for raising a proportionate penalties claim in a successive postconviction petition. *Id.* ¶ 94. This is because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing" (*People v. Dorsey*, 2021 IL 123010, ¶ 74), and so "*Miller*'s unavailability does nothing to explain why defendant neglected to raise the *** claim in his prior postconviction proceedings." *Clark*, 2023 IL 127273, ¶ 94.

¶ 15    Here, defendant was 18 years old at the time he committed the murder in question and received a 45-year prison sentence. In his petition, he claimed that he received a *de facto* life sentence, *i.e.*, a sentence of more than 40 years (see *People v. Buffer*, 2019 IL 122327, ¶ 41), that was unconstitutional as applied to him, given his still-developing brain as an 18-year-old offender. Defendant concedes that the unavailability of *Miller* and its progeny does not provide cause for not raising his proportionate penalties claim in his initial postconviction petition, which he filed two years after *Miller*. See *Clark*, 2023 IL 127273, ¶ 94. He insists, however, that he established cause for not raising his claim earlier because he now relies on facts, including scientific reports and research, that were unavailable when he filed his initial postconviction petition.

¶ 16    Illinois courts have already rejected similar arguments. As this court has found under *Dorsey*, proportionate penalties claims such as the one defendant now brings could have been presented even prior to *Miller*. See *People v. French*, 2022 IL App (1st) 220122, ¶ 33. Thus, defendant could've raised his proportionate penalties claim in his initial postconviction petition

regardless of whether more recent research, and the specific reports attached to his petition, existed. See *id.* (finding the defendant "had ample time to summon the evidentiary support to raise his proportionate penalties claim" even prior to *Miller*). Youth-based proportionate penalties challenges to sentences do not present situations "where cause was established because newly discovered evidence surfaces that the defendants had no control over." *Id.* (noting cases where cause was satisfied due to the issuance of an Illinois Torture Inquiry and Relief Commission report did not apply to youth-based proportionate penalties claims).

¶ 17    While the new research attached to defendant's petition may have provided "some helpful support," courts recognized "[o]ver a hundred years ago" that there is a " 'marked distinction between persons of mature age and those who are minors,' " as the " 'habits and characters of the latter are, presumably, to a large extent as yet unformed and unsettled.' " *People v. Haines*, 2021 IL App (4th) 190612, ¶ 51 (quoting *People ex rel. Bradley v. Illinois State Reformatory*, 148 Ill. 413, 422-23 (1894)). In short, "[t]he emergence of some helpful support for a claim that already was raisable is not cause." *Id.* (citing *Dorsey*, 2021 IL 123010, ¶ 74). Given that defendant could not possibly establish cause for not raising his proportionate penalties claim in his initial postconviction petition, that claim is now "waived" under the Act and cannot be raised in a successive petition. See 725 ILCS 5/122-3 (West 2018). As such, the circuit court's dismissal of defendant's successive petition was proper.

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 20    Affirmed.

¶ 21    JUSTICE PUCINSKI, dissenting:

¶ 22    This tragic crime took place on April 22, 2008.

¶ 23    Spears was 18 years plus 4 days old.  He had few options.

¶ 24    His sentencing was in 2010. Spears was sentenced to 45 years in IDOC.

¶ 25    Crucial scientific research on the brain development of emerging adults was not published until after both the 2010 sentencing hearing and the 2013 Post Conviction Petition.

¶ 26    At the sentencing hearing, the court did not adequately consider the research on emerging adult brain development as it applied to this defendant because that research simply did not exist.

¶ 27    In the meantime, robust research has been done and should be considered.

¶ 28    In addition, the report of Dr. Garbarino, not available in 2010 or 2013, stated that the doctor communicated with Spears but the court, in considering the successive postconviction petition, did not take that communication into account in granting the State's motion to dismiss the successive postconviction petition.

¶ 29    There is now a significant body of research on the brain development of emerging adults. This research should be taken seriously.  Illinois, I regret to say, is not robustly considering it.

¶ 30    Remanding this case back for an evidentiary hearing on his sentencing with full consideration of the Garbarino report and research on this issue is the right thing to do. At least Spears will have had the opportunity to present the current evidence.

¶ 31    This was a horrible crime. Nothing can change that. But it is possible to see Spears as a man with the potential for rehabilitation: a man who is not the 18-year-old, boy-man who was convicted.  On the question of rehabilitation, we should always be aware that change is possible.